**STEPHEN D. DEMIK**
California State Bar No. 221167
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Ms. White

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE JOHN A. HOUSTON**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**TAMMY LYNN WHITE**,<br>Defendant. | ) | CASE NO. **07CR3359-JAH**<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |

**I.**

**PROCEDURAL HISTORY**

On December 12, 2007, the government filed a one-count indictment charging Ms. White with the importation of marijuana in violation of Title 21, United States Code, §§ 952 and 960, as well as one count for possession with intent to distribute 29.44 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and Title 18, United States Code §2. Ms. White has entered a not guilty plea to the charges. Her case was set for a pre-trial motions before this Court on January 22, 2008 at 11:00 a.m. [1]

//

//

[1] Ms. White will be asking for a continuance on that date.

## II.

## STATEMENT OF FACTS[2]

On December 17, 2007 at approximately 7:13 p.m. Ms. White drove Ms. Frank Catania to the Calexico West Port of Entry in a 2000 Buick Le Sabre. Ms. Catania was sitting in the passenger seat of the vehicle. Ms. White was arrested at the Port of Entry after agents discovered 14 packages containing approximately 29.44 kilograms of marijuana concealed in a non-factory compartment in the rear seat of the vehicle. At approximately 10:46 p.m. agents advised Ms. White of her *Miranda* rights without the assistance of an interpreter (Ms. White suffers from a hearing disability). Ms. White invoked her right to an attorney and questioning ceased.

## III.

## MOTION TO COMPEL DISCOVERY

Ms. White requests the following discovery. Her request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." *See United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Information. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition,

---

[2] Facts referred to in this memorandum are based on the 69 pages and one videotape provided in discovery thus far. Ms. White does not admit their accuracy and reserves the right to challenge this information.

under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) Request for Preservation of Evidence. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party. **This request specifically includes a request for preservation of the car driven by the defendant and the drugs and drug paraphernalia seized, as well as any videotape from the Port of Entry.**

(4) Defendant's Statements. The defendant requests disclosure and production of all statements made by the defendant. This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant. Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).

(5) Tangible Objects. The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).[3]

(6) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

(7) Witness Addresses. The defendant requests access to the government's witnesses.

---

[3] **Ms. White's counsel will request a minute order for the preservation of evidence and allowing the defense an opportunity to inspect the evidence in this case on January 22.**

Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as government witnesses.

(8) Jencks Act Material. Ms. White requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case. This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(1)-(3).

(9) Informants and Cooperating Witnesses. Ms. White requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Ms. White. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Ms. White. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

(10) Residual Request. Ms. White intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## IV.

## LEAVE TO FILE FURTHER MOTIONS

As information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions. Therefore, Ms. White requests leave to file further motions.

//

//

## V.

## CONCLUSION

Ms. White asks this Court to grant the above motions.

Respectfully submitted,

Dated: January 15, 2008

*/s/ Stephen D. Demik*

**STEPHEN D. DEMIK**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. White